UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MCZ DEVELOPMENT CORP., SHEFFIELD DEVELOPMENT PARTNERS, LLC, CANYON PARTNERS, LLC, and FLORENCE DEVELOPMENT PARTNERS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> DICKINSON WRIGHT, PLLC, and DENNIS J. WHITTLESEY, <br><br> Defendants. | Case No. 13 cv 6395 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, MCZ Development Corp., Sheffield Development Partners, LLC, Canyon Partners, LLC, and Florence Development Partners, LLC (collectively "plaintiffs" or "MCZ") filed a complaint against defendants Dickinson Wright, PLLC, and attorney Dennis J. Whittlesey ("defendants" or "Dickinson Wright"), alleging professional negligence arising from legal advice relating to assessing the legal and regulatory requirements and representing plaintiffs in the development of an Indian casino gaming project. Dickinson Wright moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [36]. For the reasons stated below, this Court grants the motion and dismisses the complaint.

**Background**

The following facts are accepted as true for purposes of this motion. Plaintiffs are MCZ Development Corporation, Sheffield Development Partners, LLC, Golden Canyon Partners, LLC, Florence Development Partners. Plaintiffs are real estate developers and investors as well as gaming facilities developers. MCZ retained Dickinson Wright and Dennis J. Whittlesey as attorneys to

1

provide advice regarding the development of an Indian gaming project in Oklahoma.[1] Between December 1, 2009, and September 21, 2011, the scope of defendants' representation evolved to a point where they provided legal services to not just MCZ, but all the plaintiffs regarding the Oklahoma gaming project. (Dkt. 1, Compl. at ¶ 16). Defendants were to advise plaintiffs and assess the legal, regulatory requirements for pursuing gaming at the site, drafting documents, meeting with regulators, pursuing legal and regulatory approval of the project. (*Id.* at ¶ 18).

During this time period, defendants assisted plaintiffs with organizing limited liability companies, preparing and reviewing leases, joint venture agreements, preparing legal opinions, memoranda, documents, and filings to enable plaintiffs and the tribal gaming commission to develop, finance, and operate the project. (*Id.* at ¶ 21). On May 4, 2011, plaintiffs asked defendants to provide an opinion on any issues that might preclude the proposed gaming project from successfully moving forward. (*Id.* at ¶ 22). Plaintiffs allege that defendants assured them that any issues would be resolved in plaintiffs' favor, and any negative rulings by the relevant federal agencies would not prevent the proposed casino from operating. (*Id.*) Plaintiffs further allege that defendants advised them "that even a legal challenge in court would not result in an injunction being entered during the course of the litigation." (*Id.*)

On August 17, 2011, the Tribe issued a gaming license to Florence for the project. Defendants advised plaintiffs that Florence had the right to conduct Class II and Class III gaming at the project without the requirement of any further governmental approval or permit. On September 22, 2011, defendants sent plaintiffs an opinion letter stating, "that the August 17, 2011 gaming licensure concluded the applicable regulatory process and Class II and Class III gaming may now be

---

[1] This Court takes judicial notice that the project at issue was to be licensed by the Kialegee Tribal Town for the Broken Arrow property owned by two members of the Muscogee (Creek) Nation. *Oklahoma v. Hobia,* No. 12-CV-054-GKF-TLW, 2012 WL 2995044 (N.D. Okla. July 20, 2012). Findings of fact do not usually satisfy the indisputability requirement of Fed. R. Evid. 201(b). However, these appear to be basic, verifiable facts that are absent from the present record that do not affect this Court's finding but provide some necessary context.

conducted." (*Id.* at ¶ 24). Defendants advised plaintiffs that there could not be any legal challenge to the license by a non-tribal party. (*Id.* at ¶ 25). Plaintiffs proceeded with the project based on defendants' advice and assurances.

Defendants knew the National Indian Gaming Commission ("NIGC") would also assess the adequacy of tribal jurisdiction over the casino gaming site. (*Id.* at ¶ 28). According to the complaint, defendants assured plaintiffs that the necessary jurisdiction existed and that even a negative decision on jurisdiction would not prevent plaintiffs from opening and operating a casino. On January 6, 2012, defendants advised plaintiffs that Oklahoma's Attorney General wanted to review the adequacy of tribal jurisdiction. (*Id.* at ¶ 30). Plaintiffs allege that defendants did not advise them that the Oklahoma Attorney General could take legal actions to stop the development and construction of the project or otherwise prevent plaintiffs from operating a casino. (*Id.*)

On February 8, 2012, the State of Oklahoma filed a complaint against Florence Development and others claiming that the requisite tribal jurisdiction and governmental power over the casino gaming site did not exist. (*Id.* at ¶ 31). That lawsuit (the "Oklahoma Action") filed in federal court in the Northern District of Oklahoma resulted in a preliminary injunction against the proposed casino. *See Oklahoma v. Hobia, et al.,* No. 12-CV-054-GKF-TLW, 2012 WL 2995044 (N.D. Okla. July 20, 2012). The Tenth Circuit Court of Appeals reversed the decision of the Oklahoma district court and remanded with instructions to vacate the preliminary injunction and to dismiss the complaint. *Oklahoma v. Hobia et al.,* 775 F.3d 1204 (10th Cir. 2014). On October 5, 2015 the Supreme Court of the United States denied the State of Oklahoma's petition for writ of certiorari in the underlying case. *Oklahoma v. Hobia,* 775. F.3d 1204 (10th Cir. 2014), cert. denied, (U.S. Oct. 5, 2015) (No. 14-1177).

The instant action, filed on September 6, 2013, alleges legal malpractice stemming from defendants' advice and representation relating to the development of the project casino. This Court stayed the instant lawsuit to allow the Oklahoma Action to proceed to a final conclusion.

**Legal Standard**

When reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

**Discussion**

Dickinson Wright move to dismiss the complaint for failure to state a claim, arguing that plaintiffs prevailed in the underlying Oklahoma Action and plaintiffs have not asserted any factual support for their claims of breach of duty or injury based on the NIGC letter suggesting that plaintiffs did not have jurisdiction for gaming on the proposed land. The Court will address each argument in turn.

In order to state a claim for legal malpractice in Illinois, a plaintiff must allege facts establishing "(1) the defendant attorney owed the plaintiff client a duty of care arising from an attorney-client relationship, (2) the attorney breached that duty, (3) the client suffered an injury in the form of actual damages, and (4) the actual damages resulted as a proximate cause of the breach." *Nelson v. Quarles and Brady, LLP*, 2013 IL App (1st) 123122, *P28, 997 N.E.2d 872, 880, 375 Ill. Dec. 561 (2013) (quoting *Fox v. Seiden*, 382 Ill. App. 3d 288, 294, 887 N.E.2d 736, 320 Ill. Dec. 592

4

(2008)). A legal malpractice case presents a "case within a case" because it is dependent upon a predicate lawsuit. *Id.* "[N]o malpractice exists unless counsel's negligence has resulted in the loss of an underlying cause of action, or the loss of a meritorious defense if the attorney was defending in the underlying suit." *Id.* (quoting *Claire Associates v. Pontikes,* 151 Ill. App. 3d 116, 122, 502 N.E.2d 1186, 104 Ill. Dec. 526 (1986).

Here, plaintiffs prevailed in the underlying Oklahoma Action. Although the district court initially ruled in favor of the state and imposed a preliminary injunction, the Tenth Circuit reversed and remanded with instructions to vacate the preliminary injunction and to dismiss the complaint. A ruling which became final when the United States Supreme Court denied the State of Oklahoma a writ of certiorari. *Oklahoma v. Hobia*, 775. F.3d 1204 (10th Cir. 2014), cert. denied, (U.S. Oct. 5, 2015) (No. 14-1177). Thus, plaintiffs cannot state a claim for legal malpractice stemming from the Oklahoma Action because they prevailed.

Plaintiffs also fail to state a claim for legal malpractice based on the May 25, 2012, memorandum from the NIGC concluding that the requisite tribal jurisdiction over the gaming site does not exist. (Dkt. 1 at ¶ 33). Section 2710(d)(1)(A)(i) of the Indian Gaming Regulatory Act ("IGRA") provides in pertinent part that an Indian tribe may lawfully engage in Class III gaming only on "Indian lands" "of the Indian tribe having jurisdiction over such lands." 25 U.S.C. § 2710. The IGRA defines "Indian lands" as:

(A) all lands within the limits of any Indian reservation; and
(B) any lands title to which is either held in trust by the United States for the benefit of any Indian tribe or individual or held by any Indian tribe or individual subject to restriction by the United States against alienation and over which an Indian tribe exercises governmental power. 25 U.S.C. § 2703(4); *see also* 25 C.F.R. § 502.12(b).

5

Defendants deny providing incorrect advice of the existence of tribal jurisdiction and that the NIGC's memorandum does not preclude the operation of a casino. Defendants argue that even if they erroneously believed the tribe had jurisdiction over the land for the proposed casino, it was an error in judgment on a matter of unsettled law for which they cannot be held liable. This Court agrees.

In this case, the precise issue of tribal jurisdiction is an unsettled question of law. It appears undisputed that the property is Indian land, but the issue is tribal jurisdiction. In the underlying Oklahoma Action defendants argued that tribal jurisdiction exists on a theory of shared jurisdiction between the Kialegee Tribal Town and the Muscogee (Creek) Nation. *Hobia,* 2012 WL 2995044, at *15. The Oklahoma district court rejected this theory while acknowledging that the question of shared jurisdiction of restricted Indian allotments is one of first impression. *Id.* at *16. The question remains unresolved since the Tenth Circuit reversed the district court on other grounds. *Hobia*, 775 F.3d at 1214. Therefore, this Court finds that plaintiffs cannot establish breach of duty because the determination of tribal jurisdiction is not a settled issue readily identifiable through ordinary research and investigation. *Nelson,* 2013 IL App (1st) 123122 at *P33.

Without reaching the merits of whether tribal jurisdiction exists for this particular Tribal Town to operate a casino on the proposed land, this Court finds that plaintiffs also fail to state a claim because their claims at best are premature and their damages are speculative. "As a general rule, a cause of action for legal malpractice will not accrue prior to the entry of an adverse judgment, settlement, or dismissal of the underlying action in which plaintiff has become entangled due to the purportedly negligent advice of attorney." *Preferred Personnel Services, Inc. v. Meltzer, Purtill, and Stelle, LLC,* 387 Ill. App. 3d 933, 939, 902 N.E.2d 146, 327 Ill. Dec. 391 (1st Dist. 2009). Damages in a legal malpractice are not presumed, but must be pleaded and proved. *Alper v. Altheimer & Gray,* 65 F. Supp. 2d 778, 783 (N.D. Ill. 1999)(Pallmeyer, J.) (citing *Farm Credit Bank v. Gamble*, 197 Ill. App. 3d

101, 103, 554 N.E.2d 779, 780, 143 Ill. Dec. 844 (3d Dist. 1990). The NIGC's memorandum of May 25, 2012, concluding that tribal jurisdiction does not exist for the proposed property was not a final determination nor is there any allegation in the complaint that the NIGC sought to impose any penalty based on that determination. Pursuant to section 2713 of the IGRA, plaintiffs have the ability to request a hearing before the Commission once an order of temporary closure has issued or a civil penalty imposed. Neither of which has occurred. Plaintiffs could then appeal an adverse decision by the Commission to the United States District Court. *See* 25 U.S.C. § 2713. This Court therefore finds that without a final agency decision plaintiffs' claim is premature and their damages not yet known.

**Conclusion**

Based on the foregoing, this Court grants defendants' Motion to Dismiss [36] and dismisses the complaint with prejudice. Civil case terminated.

IT IS SO ORDERED.

Date: November 12, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge